**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHNATHAN JOSEPH GARCIA,

        Plaintiff,

  v.

C. MAUGHAN, et al.,

        Defendants.

Case No. EDCV 17-1861-DMG (JPR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

The Court has reviewed *de novo* the Third Amended Complaint, the pleadings and records on file, and the Report and Recommendation of U.S. Magistrate Judge ("R & R"), which recommends that the Court dismiss this action without leave to amend and with prejudice. On May 29, 2018, Plaintiff filed objections to the R & R. Defendants have not been served or appeared in this action and did not respond to the objections.

The majority of Plaintiff's 10 purported objections concern the Magistrate Judge's finding that he did not adequately plead that any Defendant intentionally interfered with his right of access to the courts within the meaning of Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011), overruled on other

1

grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). (See generally Objs. at 2-8, 12-15 (objections one, two, three, five, six, nine, and 10).) He contends that Defendant "C. Maughan," the senior librarian at the California Institution for Men, "intention[ally]" gave him or allowed inmate clerk Lance Nash to give him "misleading advise [sic] and information" about the deadline for filing a federal habeas petition.[1] (See id. at 12; see also, e.g., id. at 2-3, 8.)

But Plaintiff acknowledges that he was able to do his own legal research, which led him to "challenge[] and question[]" that advice. (Id. at 8.) He admits that his case is "not about access" to the library but about "misleading and incorrect advice." (Id. at 5.) As the Magistrate Judge correctly observed (see R & R at 9), the fundamental constitutional right of access to the courts requires that the state provide "adequate law libraries or adequate assistance from persons trained in the law," not both. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nothing in the TAC shows that Maughan acted intentionally or maliciously to thwart Plaintiff's filing of a federal habeas petition, but even if he had, Plaintiff concedes that he had access to an adequate law library sufficient to allow him to

---

[1] Plaintiff again complains about the "[e]vidently . . . erroneous" advice Defendants gave him that "in order for the district court to accept the case, all state claims need [to] be exhausted before filing in Federal court." (Objs. at 3; see also id. at 8.) As explained in the R & R at pages 12 to 14, that advice was in fact correct at the time. He also again complains about their alleged advice to file "two rounds of state habeas corpus petitions" (Objs. at 6), but as explained in the R & R (see R & R at 15), he filed his second superior-court petition before he ever met Defendants.

2

discover the problem on his own before his AEDPA deadline lapsed. (See Objs. at 8.) He is "not illiterate" and does not have "any physical problems that could [prevent] him from drafting" his own pleadings. (Id. at 15.) If Nash or Maughan refused to provide him with the required form for filing a petition in this Court (see id. at 12) — which is far from clear and which was not alleged in any of his pleadings — he could have obtained one from the Clerk of Court. His objection that Nash or Maughan somehow "forced" him to disregard the results of his own research by granting him PLU status and claiming to have "vast knowledge and experience" is inherently implausible. (See id. at 3, 8.)

Further, Plaintiff has not raised any credible challenge to the Magistrate Judge's timeline showing that any erroneous advice from Nash or Maughan could not have been the proximate cause of his untimely habeas petition. (See R & R at 13-16.) Accordingly, his seven objections on this basis (objections one, two, three, five, six, nine and 10) are without merit.

Plaintiff's fourth objection alleges that he could not file a petition for review in the state supreme court before he met Nash or Maughan, and thereby exhaust his claims, "because he was also prevented by the law library clerks from accessing information or material." (Objs. at 5.) Those clerks are not named as Defendants and appear to have been employed at a different prison. (See TAC ¶ 18 (Plaintiff arrived at CIM "west yard" in August 2013).) That objection is therefore irrelevant to this action. Moreover, the Court in his habeas case already addressed those allegations and found that they did not entitle him to tolling. See Garcia v. Perez, No. SACV 15-0397-JPR, 2016

WL 1028002, at *7, *9 (C.D. Cal. Mar. 14, 2016), certificate of appealability denied, No. 16-55535 (9th Cir. Jan. 30, 2017), cert. denied, 138 S. Ct. 320 (2017).

Plaintiff's seventh objection asserts that Nash and Maughan gave him information on state, not federal, habeas law. (See Objs. at 8-9.) The Magistrate Judge acknowledged as much. (See R & R at 16.) His eighth objection clarifies only that Nash is not being sued. (See Objs. at 11.) That too does not change the disposition of this matter.

Having reviewed the R & R *de novo*, the Court accepts the findings and recommendations of the Magistrate Judge as well as the findings and conclusions in her screening orders of January 8 and March 7, 2018.

IT THEREFORE IS ORDERED that this action is dismissed without leave to amend and with prejudice.

DATED: August 28, 2018

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

4